Marvin H. Kleinberg (State Bar No. 24,953)
Email: mkleinberg@kleinberglerner.com
Michael Hurey (State Bar No. 139,550)
Email: mhurey@kleinberglerner.com
Bradford E. Mattes (State Bar No. 159,004)
Email: bemattes@kleinberglerner.com
KLEINBERG & LERNER, LLP
1875 Century Park East, Suite 1150
Los Angeles, California 90067-2501
Telephone: (310) 557-1511
Facsimile: (310) 557-1540

Attorneys for Plaintiff ETS EXPRESS, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| ETS Express, Inc., a California Corporation ) | Case No.: _____ |
| ) | |
| ) | **COMPLAINT FOR DAMAGES AND** |
| Plaintiff, ) | **INJUNCTIVE RELIEF FOR:** |
| ) | |
| ) | **(1)  TRADEMARK INFRINGEMENT,** |
| v. ) | **H2GO  [15 U.S.C. § 1114];** |
| ) | **(2)  TRADEMARK INFRINGEMENT,** |
| ) | **2GO FAMILY [15 U.S.C. § 1114];** |
| Lexi Group, Inc. an Illinois Corporation ) | **(3)  FEDERAL UNFAIR** |
| and IBT Consultants, Inc., an Illinois ) | **COMPETITION AND FALSE** |
| Corporation, ) | **DESIGNATION OF ORIGIN** |
| ) | **[15 U.S.C. § 1125(a)];** |
| ) | **(4)  CANCELLATION OF** |
| Defendants. ) | **REGISTERED TRADEMARKS** |
| _____ ) | **[15 U.S.C. § 1064];** |
| | **(5)  COMMON LAW TRADEMARK** |
| | **INFRINGEMENT** |
| | |
| | **DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff ETS Express, Inc. ("Plaintiff" or "ETS"), for its complaint against Defendants Lexi Group, Inc. ("Lexi") and IBT Consultants, Inc. ("IBT") (collectively "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1.      This action arises under the Lanham Act, 15 U.S.C. §1051 *et seq.* Jurisdiction in this Court is based upon 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 and 1338.  Jurisdiction over the state-law claims is based upon 28 U.S.C. § 1367(a) and the doctrine of supplemental jurisdiction.

2.      This Court has personal jurisdiction over Defendants because the Defendants (a) have committed one or more of the infringing acts complained of herein in California and in this district, (b) do regular business in California and in this district, (c) have offered infringing products for sale and/or sold infringing products in this district, and (d) operate a website through which they do business in California and in this district.

3.      Venue in this Court is proper under the provisions of 28 U.S.C. §§ 1391(b).

## PARTIES

4.      Plaintiff ETS Express, Inc. is a corporation duly organized and existing under the laws of the State of California with a principal place of business located at 420 South Lombard St., Oxnard, California, 93030.

5.      Defendant Lexi Group, Inc. is a corporation duly organized and existing under the laws of the State of Illinois with a principal place of business located at 2676 North Orchard Street, No. C, Chicago, Illinois, 60614.

6.      Defendant IBT Consultants, Inc. is a corporation duly organized and existing under the laws of the State of Illinois with a principal place of business located at 16842 New England Avenue, Tinley Park, Illinois, 60477.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# GENERAL ALLEGATIONS

7.     Plaintiff is in the business of, among other things, selling water bottles and related goods.  In January 2004, Plaintiff began using the trademark H2GO for some of its water bottles.  Thereafter, Plaintiff began using other trademarks for other products wherein each such trademark included the common identifier "2GO."  Plaintiff's use of "2GO" in Plaintiff's trademarks established "2GO" as the basis for Plaintiff's family of trademarks.  The trademarks in Plaintiff's 2GO family, along with each such mark's date of first use in commerce and the corresponding trademark registration number is shown below.  Copies of the registration certificates issued by the United States Patent and Trademark Office are attached as the indicated Exhibit numbers.

## Plaintiff's 2GO Family

| Trademark | First Use in Commerce | Reg. No. | Ex. No. |
|-----------|----------------------|----------|---------|
| H2GO | January 2004 | 3,692,615 | 1 |
| T2GO | July 2007 | 3,949,070 | 2 |
| H2GO BFREE | June 2008 | 4,437,834 | 3 |
| CUP2GO | April 2010 | 3,949,071 | 4 |
| H2GO OMEGA | January 2012 | 4,273,486 | 5 |
| PINT2GO | September 2014 | 4,725,336 | 6 |

8.     ETS uses its 2GO family of marks to distinguish its plastic water bottles and related goods from similar goods of others.  An example of such use is Exhibit 7 which is a page from Plaintiff's website (www.etsexpress.com) showing Plaintiff's H2GO Omega and Delta plastic water bottles along with Plaintiff's H2GO filter.

///
///
///
///
///
///

3

9.     Defendant Lexi's mark, shown below, is also used for plastic water bottles and related goods.  Additionally, as can be seen below, Lexi's mark includes a highlighted, exact copy of the H2GO mark owned by Plaintiff.



Defendant IBT's use of its REFRESH2GO mark is coextensive with defendant Lexi's use of that mark.  All such use of that mark appears either as shown above in green and blue text or as "RefresH2Go" when used in text.  By capitalizing the "H" and the "G" in this manner, Defendants' RefresH2Go mark emphasizes and prominently displays the H2GO mark owned by ETS.

10.     Defendant Lexi's mark, as shown in green and blue text above, is registered with the United States Patent and Trademark Office under U.S. Trademark Registration No. 4,763,557, and a copy of the registration certificate is attached hereto as Exhibit 8. Defendant IBT's REFRESH2GO mark is registered with the United States Patent and Trademark Office under U.S. Trademark Reg. No. 4,301,311, and a copy of the registration Certificate is attached hereto as Exhibit 9.  At some point, IBT assigned its RefresH2Go mark to Lexi.  Examples of both of those registered marks, as used in connection with Defendants' plastic water bottles, are shown Exhibit 10 which is an image from the RefresH2Go website (http://refresh2go.com/) that was obtained by clicking on the dropdown arrow next to the "Products" tab on the RefresH2Go homepage. As can be seen in the textual description under "Products" in Exhibit 10, each one of these products is described as a "RefresH2Go filtered bottle . . ." and each individual bottle is further described as a "Filtered Water Bottle."

11.     Defendants' RefresH2Go website capitalizes "H" and "G" in "RefresH2Go" to highlight the "H2Go" portion wherever it appears on that website, whether as part of

written text or as part of a label.  For example, a question and answer on that website's FAQ page states:  "How do I clean my RefresH2Go®?  Our bottles are dishwasher top rack safe only. . . ."  A copy of the page from the website is attached hereto as Exhibit 11.

12.    Defendants' water bottles shown in Exhibit 10 are also offered for sale on other websites.  For example, the Amazon website (www.amazon.com) offers Defendants' water bottles for sale under the "RefresH2Go" mark.  An example from the Amazon website in this regard is attached as Exhibit 12.

13.    Defendants have infringed and continue to infringe Plaintiff's H2GO trademark as well as Plaintiff's "2GO" family of trademarks.  In a May 3, 2015 letter, counsel for ETS provided written notice to Defendants' officers of Defendants' infringement, Ex. 13.  Defendants never responded to this letter.

## FIRST CAUSE OF ACTION

### (Trademark Infringement, H2GO, 15 U.S.C. § 1114)

14.    ETS realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs.

15.    By the acts and omissions set forth above, Defendants have infringed and continue to infringe ETS's H2GO trademark, Reg. No. 3,692,615 in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

16.    Defendants' use of their RefresH2Go trademarks is likely to cause confusion, mistake and deception among the general purchasing public, and interfere with ETS's ability to use its H2GO mark to indicate a single quality controlled source of goods and services.

17.    Defendants have profited and are profiting from their infringement of ETS's H2Go mark and ETS has been and is being damaged by such infringement.  ETS is therefore entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of Defendants' infringing activities.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

18.     Defendants' aforesaid infringing conduct has been willful, wanton and malicious and done with an intent to deceive.  ETS is therefore entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages, pursuant to 15 U.S.C. § 1117(a).  ETS is also entitled to its cost of corrective advertising.

19.     ETS also seeks injunctive relief to prevent the irreparable harm Defendants' infringement has caused, and would continue to cause if not enjoined.

## SECOND CAUSE OF ACTION

### (Trademark Infringement, 2GO Family, 15 U.S.C. § 1114)

20.     ETS realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs.

21.     Based on the nature of its use, advertising, and promotion, ETS has acquired a protectable interest in "2GO" when used in connection with identifying water bottles and related goods.  The public associates the individual ETS marks identified above as well as the "2GO" component of those marks as indicative of a common origin of the goods.  The advertising and public association with "2GO" has been so extensive that consumers are likely to think that Defendants' products originate with ETS.  ETS established its proprietary rights in its 2GO family of marks prior to the time when Defendants began using their RefresH2Go marks.  Defendants' RefresH2Go trademarks are likely to be viewed as a member of ETS's 2GO family of marks.  By the acts and omissions set forth above, Defendants have infringed and continue to infringe the 2GO family of trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

22.     Defendants' use of their RefresH2Go trademarks is likely to cause confusion, mistake and deception among the general purchasing public, and interfere with ETS's ability to use its 2GO family of marks to indicate a single quality controlled source of goods and services.

23.     Defendants have profited and are profiting from their infringement of ETS's 2GO family of marks and ETS has been and is being damaged by such infringement.

ETS is therefore entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of Defendants' infringing activities.

24.    Defendants' aforesaid infringing conduct has been willful, wanton and malicious and done with an intent to deceive.  ETS is therefore entitled to an award of its reasonable attorneys' fees and costs, and treble its actual damages, pursuant to 15 U.S.C. § 1117(a).  ETS is also entitled to its cost of corrective advertising.

25.    ETS also seeks injunctive relief to prevent the irreparable harm Defendants' infringement has caused, and would continue to cause if not enjoined.

## THIRD CAUSE OF ACTION

### (Federal Unfair Competition and False Designation of Origin; 15 U.S.C. § 1125(a))

26.    ETS realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs.

27.    By the acts and omissions set forth above, Defendants are unfairly competing with ETS in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

28.    Defendants' use of their trademarks is confusingly similar to ETS's H2GO mark and to ETS's 2GO family of trademarks.  Defendants' use of their trademarks is without the consent of ETS and such use constitutes a false designation of origin, a false or misleading description or representation of goods, tending wrongfully and falsely to suggest or represent a connection between the goods of ETS and the goods of Defendants.

29.    Due to such unfair competition and false designation of origin, ETS has suffered, is suffering, and will continue to suffer, irreparable injury for which ETS has no adequate remedy at law.  ETS is therefore entitled to a permanent injunction against Defendants to prevent them from unfairly competing with ETS.

30.    Defendants have profited and are profiting from their unfair competition with ETS and from their false designation of origin, and ETS has been and is being damaged and losing profit by such unfair competition.  ETS is therefore entitled to

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

recover damages and profits from Defendants in an amount to be proved at trial as a consequence of Defendants' violations of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

## FOURTH CAUSE OF ACTION
### (Cancellation of Registered Trademarks; 15 U.S.C. § 1064)

31.   ETS realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs.

32.   The trademark infringement, unfair competition and false designation of origin identified in this complaint have damaged and will continue to damage ETS.  ETS has also been damaged by, and will continue to be damaged by, the registration of REFRESH2GO on the Principal Register, U.S. Trademark Registration No. 4,763,557. ETS has also been damaged by, and will continue to be damaged by the registration of REFRESH2GO on the Principal Register, U.S. Trademark Registration No. 4,301,311. The registration for REFRESH2GO, U.S. Trademark Reg. No. 4,763,557, should be cancelled pursuant to 15 U.S.C. § 1064.  The registration for REFRESH2GO, U.S. Trademark Registration No. 4,301,311, should also be cancelled pursuant to 15 U.S.C. § 1064.

## FIFTH CAUSE OF ACTION
### (Common Law Trademark Infringement)

33.   ETS realleges and incorporates by reference the full text of all of the foregoing numbered paragraphs.

34.   ETS has a protectable interest in its H2GO mark and in its 2GO family of marks.

35.   The acts of Defendants described in this complaint constitute infringement of ETS's common law rights in its marks under California common law.

36.   ETS seeks all damages to which it is entitled for Defendants' infringement in an amount to be determined by this Court.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

37.    ETS also seeks injunctive relief to prevent the irreparable harm Defendants' infringement has caused, and would continue to cause if not enjoined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ETS respectfully prays for relief against the Defendants, and each of them, as follows:

1.    A judgment declaring that Defendants have:

    a. Infringed ETS's H2GO mark;

    b. Infringed ETS's 2GO family of marks;

    c. Competed unfairly with ETS and falsely designated the origin of goods; and

    d. Willfully violated the applicable laws of the United States to the detriment of ETS;

2.    Cancelling U.S. Trademark Registration Nos. 4,763,557 and 4,301,311;

3.    That the Defendants, their officers, agents, servants, employees, attorneys, assigns and all persons in active concert with or participation with them be forthwith preliminarily and thereafter permanently enjoined and restrained from:

    a. Infringing ETS's H2GO mark;

    b. Infringing ETS's 2GO family of marks;

    c. Unfairly competing with ETS in any manner whatsoever;

    d. Causing likelihood of confusion, or injury to ETS's business and to the reputation of ETS's trademarks, symbols, labels, or forms of advertising or promotion; and

    e. Engaging in any acts or activities directly or indirectly calculated to trade upon ETS's H2GO mark or ETS's 2GO family of marks;

4.    For a judgment directing that any water bottles and related goods in the possession or under the control of Defendants which infringe ETS's H2GO mark or ETS's 2GO family of marks or any colorable imitation or facsimile thereof, but not

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

emanating from ETS, be delivered up and destroyed within 10 days of entry of judgment;

5. For a judgment directing Defendants to recall all infringing goods and any other materials sold, distributed, advertised or marketed which infringe ETS's H2GO mark or ETS's 2GO family of marks or any colorable imitation or facsimile thereof, but not emanating from ETS;

6. For a judgment against Defendants awarding ETS damages, lost profits, reasonable royalties, and other monetary amounts including without limitation:

    a. All damages sustained by ETS as a result of Defendants' unlawful infringement of ETS's H2GO mark and/or ETS's 2GO family of marks, together with appropriate interest on such damages and that such damages be trebled;

    b. Defendants' total profit from Defendants' sales of water bottles and related goods under the RefresH2Go mark;

    c. All remedies provided for by 15 U.S.C. § 1117 (a), including but not limited to all damages sustained by ETS as a result of Defendants' unlawful infringement and that such damages be trebled;

    d. All remedies provided for by 15 U.S.C. § 1117 (a), including but not limited to all profits derived by each of the Defendants from the sale of infringing goods and that such profits be trebled;

    e. All damages sustained by ETS on account of unfair competition, false designation of origin, and any other damage suffered by ETS as a result of Defendants' acts described in this complaint, and that such damages be trebled;

7. For an order directing Defendants to pay restitution to ETS;

8. For an order directing Defendants to pay the cost of corrective advertising to ETS;

9. For an award of attorneys' fees pursuant to 15 U.S.C. § 1117;

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

10. For an award of pre-judgment interest at the maximum rate allowed by law;

11. For the costs of suit herein; and

13. For such additional and further relief that the Court may deem just and proper under the circumstances.

Respectfully Submitted,

Kleinberg & Lerner, LLP

October 23, 2015                    By: /s/ Marvin H. Kleinberg
                                        Marvin H. Kleinberg
                                        Michael Hurey
                                        Bradford E. Mattes
                                        Attorneys for Plaintiff ETS EXPRESS, INC.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1, Plaintiff ETS Express, Inc. demands a trial by jury of any and all issues triable of right by a jury pursuant to the Seventh Amendment to the United States Constitution or as given by a statute of the United States.

Respectfully Submitted,

Kleinberg & Lerner, LLP

October 23, 2015                    By: /s/ Marvin H. Kleinberg
                                    Marvin H. Kleinberg
                                    Michael Hurey
                                    Bradford E. Mattes
                                    Attorneys for Plaintiff  ETS EXPRESS, INC.